————o————

## No. 4436.

### Court of Appeal, Parish of Orleans.

### PARCEL TRANSFER COMPANY VS. ROBERT E. LEE.

No appeal from a judgment in ejectment shall suspend execution unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true, and entitle him to retain possession of the premises.

Appeal from the Civil District Court, Division B.

Woodvllie & Woodville, for Plaintiff and Appellee.

Harold A. Moise, for Defendant and Appellant.

MOORE, J. This was a suit for possession of leased property instituted under the provisions of Section 2155 et seq. of the Revised Statutes.

The answer, admitting the lease, avers that plaintiff made no amicable demand for the rent, and that defendant, as soon as he was advised where the note which was given by him to represent the monthly rent due was located, made tender of payment thereof, which was refused. There was judgment for plaintiff, and defendant appealed suspensively, whereupon appellee filed its motion to dismiss the appeal urging as ground therefor "that the affidavit filed by defendant and appellant in the lower court is not such an affidavit as the law requires, and will not entitle defendant to a suspensive appeal."

The motion must prevail.

Section 2157 Revised Statutes provides that:

"No appeal from such judgment (a judgment for possession of premises) shall suspend execution, unless the defendant has filed a special defense, supported by his oath, that all the facts contained in his answer are true and entitle him to retain possession of the premises, and unless further he give bond with good and sufficient security for all such damages as the appellee may sustain."

The affidavit in the instant case is simply "that all the allegations in the foregoing answer are true and correct." The statute, *supra*, requires the defendant to make oath not only that the facts contained in his answer are true, but also that they "entitle him to retain possession of the premises." Neither does the petition contain any allegation to this effect.

In State ex rel. Lamouraine vs. Judge, 45 A. 1316, the Court, in refusing a mandamus to the trial judge to compel him to grant a suspensive appeal in a case of this character, said:

"There was no special defense supported by oath of defendant that all the facts contained in the answer were true and entitled him to retain possession of the leased property so as to suspend execution of the judgment pending the appeal."

The appeal is therefore dismissed.